AO 245C (Rev. 09/17) Amended Judgment in a Criminal Case
Sheet 1                                         (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of Kentucky – Southern Division at London

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| James Alvin Chaney, M.D. | Case Number: 6:14-CR-37-SS-GFVT-01 |
| AKA: Ace Chaney | USM Number: 17746-032 |

**Date of Original Judgment:** September 28, 2017
*(Or Date of Last Amended Judgment)*

Christy J. Love
Defendant's Attorney

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

Eastern District of Kentucky
F I L E D
NOV 07 2017
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.
☒ was found guilty on count(s)    1ss-68ss, 112ss-147ss, 150ss-163ss, 165ss-168ss, 171ss-172ss, 175ss; 177ss, 180ss, 182ss, 186ss, 188ss, 191ss-192ss, 197sss-204ss, 206ss-215ss, 217ss-218ss, 220ss, 234ss-255ss [DE 190]
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to Distribute Schedule II and III Controlled Substances | 10/21/2014 | *1ss |
| 21:841(a)(1) & 18:2 | Distribution of Schedule II Controlled Substances and Aiding/Abetting | 06/11/2010 | *2ss-13ss |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   70ss-83ss; 85ss-100ss; 102ss-111ss; 148ss-149ss; 164ss; 169ss-170ss; 173ss-174ss; 176ss; 178ss-179ss; 181ss; 183ss-185ss; 187ss; 189ss; 190ss; 193ss-195ss; 221ss-233ss [DE 190]

☒ Count(s) *Underlying indictments [DE # 1 & 136] and 69ss, 84ss, 101ss, 196ss, 205ss, 216ss, & 219ss [DE #190]   ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 20, 2017
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Honorable Gregory F. Van Tatenhove, U.S. District Judge
Name and Title of Judge

11-7-2017
Date

DEFENDANT: James Alvin Chaney, M.D. AKA: Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) & 18:2 | Distribution of Schedule III Controlled Substances and Aiding/Abetting | 06/11/2010 | *14ss-31ss |
| 21:841(a)(1) & 18:2 | Distribution of Schedule II Controlled Substances and Aiding/Abetting | 06/25/10 | *32ss-39ss |
| 21:841(a)(1) & 18:2 | Distribution of Schedule III Controlled Substances and Aiding/Abetting | 06/25/10 | *40ss-62ss |
| 21:856(a) | Maintaining a Drug-Involved Premises | 06/30/2010 | *63ss |
| 21:856(a) | Maintaining a Drug-Involved Premises | 09/10/2013 | *64ss |
| 18:1956(h) | Conspiracy to Commit Money Laundering | 08/22/14 | *65ss |
| 21:843(a)(3) & 18:2 | Acquiring and Obtaining Possession of Controlled Substance by Fraud, Forgery, Deception and Subterfuge, and Aiding and Abetting | 10/13/14 | *66ss |
| 21:843(a)(3) & 18:2 | Acquiring and Obtaining Possession of Controlled Substance by Fraud, Forgery, Deception and Subterfuge, and Aiding and Abetting | 09/2014 | *67ss |
| 18:1349 | Conspiracy to Commit Health Care Fraud | 10/21/14 | *68ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/12/13 | *112ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/20/13 | *113ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/12/13 | *114ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/14/13 | *115ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/13/13 | *116ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/26/13 | *117ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 06/28/11 | *118ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/07/13 | *119ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/13/13 | *120ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 09/04/13 | *121ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/19/13 | *122ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/20/14 | *123ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 01/09/14 | *124ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 10/03/13 | *125ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 09/15/14 | *126ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 11/13/13 | *127ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 11/14/14 | *128ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 02/12/14 | *129ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 02/25/14 | *130ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 11/20/13 | *131ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 10/22/14 | *132ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 02/20/14 | *133ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 12/10/13 | *134ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 04/30/14 | *135ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 12/04/13 | *136ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 04/11/11 | *137ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 09/19/13 | *138ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 10/24/13 | *139ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 07/22/10 | *140ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/13/10 | *141ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 02/05/14 | *142ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 12/19/13 | *143ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 10/02/13 | *144ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 12/19/13 | *145ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 12/05/12 | *146ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/25/14 | *147ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 04/06/14 | *150ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 07/07/13 | *151ss |
| 18:1347(a) & 2 | *Health Care Fraud and Aiding and Abetting | 05/26/13 | *152ss – 153ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 04/07/13 | *154ss – 155ss |

DEFENDANT: James Alvin Chaney,, M.D. AKA: Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/17/13 | *156ss – 157ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/10/13 | *158ss – 159ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 02/03/13 | *160ss - 161ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 01/01/13 | *162ss - 163ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 11/25/12 | *165ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 09/16/12 | *166ss - 167ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/19/12 | *168ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 07/08/12 | *171ss- 172ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/25/12 | *175ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/18/12 | *177ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 11/06/11 | *180ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/14/11 | *182ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 06/12/11 | *186ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 05/30/11 | *188ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 04/17/11 | *191ss - 192ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 03/19/13 | *197ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/11/10 | *198ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 07/09/10 | *199ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 08/09/10 | *200ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/25/10 | *201ss – 202ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 07/23/10 | *203ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/25/10 | *204ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/11/10 | *206ss-209ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/25/10 | *210ss-213ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/11/10 | *214ss, 217ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/25/10 | *215ss, 218ss |
| 18:1035(a) & 2 | False Statements Relating to Health Care Matters and Aiding and Abetting | 06/11/10 | *220ss |
| 18:1347(a) & 2 | Health Care Fraud and Aiding and Abetting | 08/28/13 | *234ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 03/09/11 | *235ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 04/12/11 | *236ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 05/09/11 | *237ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 06/14/11 | *238ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 07/11/11 | *239ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 09/08/11 | *240ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 10/17/11 | *241ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 12/13/11 | *242ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 03/19/12 | *243ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 04/17/12 | *244ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 05/17/12 | *245ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 07/16/12 | *246ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 08/15/12 | *247ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 08/24/12 | *248ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 09/17/12 | *249ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 10/05/12 | *250ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 11/13/12 | *251ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 12/21/12 | *252ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 02/13/13 | *253ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 04/13/13 | *254ss |
| 18:1957 | Engaging in Monetary Transactions/Property Greater Than $10,000/Unlawful Activity | 05/13/13 | *255ss |

DEFENDANT: James Alvin Chaney, M.D. AKA: Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   **One Hundred Eighty (180) months on each of Counts 1ss, 2ss - 13ss, 32ss-39ss ,63ss, 64ss, 65ss; One Hundred Twenty (120) months on each of Counts 14ss - 31ss, 40ss - 62ss, 68ss, 112ss - 122ss, 123ss - 147ss, 150ss - 163ss, 165ss - 168ss, 171ss, 172ss, 175ss, 177ss, 180ss, 182ss, 186ss, 188ss, 191ss, 192ss, 197ss, 234ss - 255ss; Forty Eight (48) months on each of Counts 66ss & 67ss; and Sixty (60) months on each of Counts 198ss - 204ss, 206ss - 215ss, 217ss, 218ss, 220ss; with all Counts to run concurrent for a total sentence of ONE HUNDRED EIGHTY (180) MONTHS.**

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant participate in the 500-Hour RDAP Program.
The BOP conduct a medical evaluation of the defendant and designate him to a facility closest to his home for which he qualifies.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/17) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 9

DEFENDANT: James Alvin Chaney, M.D. AKA Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Three (3) Years on each of Counts 1ss - 65ss, 112ss - 147ss, 150ss - 163ss, 165ss - 168ss, 171ss, 172ss, 175ss, 177ss, 180ss, 182ss, 191ss, 192ss, 197ss -204ss, 206ss -215ss, 217ss, 218ss, 220ss, 234ss-255ss and One (1) Year on each of Counts 66ss and 67ss; with all Counts to run concurrent for a total term of THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. *☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*
5. ☒ You shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: James Alvin Chaney, M.D. AKA Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: James Alvin Chaney, M.D. AKA: Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

## SPECIAL CONDITIONS OF SUPERVISION

1. *You must provide the probation officer with access to any requested financial information.

2. *You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

3. *You must abstain from the use of alcohol.

4. *You must participate in a substance abuse treatment program and must submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. Said program may include one or more cognitive behavioral approaches to address criminal thinking patterns and antisocial behaviors. You must pay for the cost of treatment services to the extent you are able as determined by the probation officer.

5. *You must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or location monitoring which is (are) required as a condition(s) of release.

6. *You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

7. *You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in your possession, custody or control. The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in your possession, custody, or control at the time of the report.

8. *You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release. You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs.

9. *You must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications.

10. *You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

DEFENDANT: James Alvin Chaney, M.D. AKA Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ *17,500 ($100/Count) | $ N/A | $ WAIVED | $ *12,703,796.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *CMS Division of Account<br>P.O. Box 7520<br>Baltimore, Maryland 21207-0520 | *$6,705,056.00 | *$6,705,056.00 | *100% |
| *Cabinet for Health & Family<br>ATTN: Program Integrity<br>275 East Main Street, 6E-A Mail<br>Frankfort, Kentucky 40601 | *$5,998,740.00 | *$5,998,740.00 | *100% |
| TOTALS | $ *12,703,796.00 | $ *12,703,796.00 | *100% |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: James Alvin Chaney, M.D. AKA Ace Chaney
CASE NUMBER: 6:14-CR-37-SS-GFVT-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $ 12,721,296.00 due immediately, balance due

☐ not later than _____ , or
☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

*A lump sum payment of $12,707,696.00, is due immediately. Restitution is a joint and several obligation with co-defendants, Lesa L. Chaney and Ace Clinique of Medicine, LLC. The defendant must pay restitution to the victim of this case, Medicare and Medicaid. Any outstanding balance owed upon commencement of incarceration must be paid in accordance with the Federal Bureau of Prisons' Inmate Financial Responsibility Program. Any outstanding balance owed upon commencement of supervision shall be paid according to a schedule set by subsequent orders of the Court. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution. Criminal monetary penalties are payable to: Clerk, U. S. District Court, Eastern District of Kentucky, 310 S. Main Street, Room 215, London KY 40741. **INCLUDE CASE NUMBER WITH ALL CORRESPONDENCE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ *Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.
Lesa L. Chaney (6:14-CR-37-SS-GFVT-02); Ace Clinique of Medicine, LLC (6:14-CR-37-SS-GFVT-03); Total Amount $12,703,796.00, Medicare ($6,705,056.00) and Medicaid ($5,998,740.00).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.