UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:14-cr-00037-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| JAMES ALVIN CHANEY, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on a pending Motion to Compel filed *pro se* by Defendant James Alvin Chaney.  [R. 524.]  For the following reasons, the Motion will be **Denied.**

First, for supportive authority, Defendant James Alvin Chaney cites to Fed. R. Crim. P. 16(a)(1)(E)(iii), which states,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and the item was obtained from or belongs to the defendant.

This particular Rule governs discovery in a criminal case and does not require the Government to return any items within its custody to a criminal defendant post-trial.  Moreover, in responding to the Motion, the Government states it has fully complied with Rule 16 by letting defense counsel inspect and copy items within its possession and control.  [*See* R. 538.]

Next, Defendant James Alvin Chaney has been afforded appointed counsel for both pre- and post-trial matters, and that appointment has not been terminated.  Under 28 U.S.C. § 1654,

"the parties may plead and conduct their own cases personally or by counsel," and in felony criminal cases a defendant has a constitutional right to representation by counsel, "or, alternatively, to represent himself." *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987), cert. denied, 484 U.S. 841 (1987). However, neither the Constitution nor the above-referenced statute provides criminal defendants a right to simultaneously assert their right to self-representation and their right to counsel. "[T]here is no statutory or constitutional right to 'hybrid representation.'" *United States v. Cottrell*, 2006 WL 278562, *1 (E.D. Tenn. Feb. 2, 2006) (quoting *Mosley*, 810 F.2d at 97–98). There are a few situations in which a trial court may exercise its discretion to permit hybrid representation, such as undue delay, jury confusion, conflict over trial strategy, and skill of defense counsel, but Chaney has not established that any of these circumstances exist such that hybrid representation should be allowed. *See Mosley*, 810 F.2d at 98.

**ACCORDINGLY**, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant James Alvin Chaney's *pro se* Motion to Compel [**R. 524**] is **DENIED.**

This the 25th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge